STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGANG HEO, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a Limited Liability Company and DOES 1 TO 50, Inclusive,<br><br>Defendants. | Case No.:<br>[*Los Angeles County Case No.: 24STCV14572*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**<br><br>Complaint Filed: June 11, 2024 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California.  The removal is based, specifically, on the following grounds.

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy

-1-
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On June 11, 2024, Plaintiff INGANG HEO commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Ingang Heo, an Individual v. Lowe's Home Centers, LLC a Limited Liability Company; Does 1 to 50 Inclusive,* Case No. 24STCV14572.  True and correct copies of the following documents filed in this matter are attached hereto as **Exhibit "A":**

    a. Summons;
    b. Complaint;
    c. Civil Case Cover Sheet;
    d. Civil Case Cover Sheet Addendum and Statement of Location;
    e. Notice of Case Assignment – Unlimited Civil Case; and,
    f. Alternate Dispute Resolution (ADR) Information Packet

4. On June 14, 2024, Plaintiffs caused the documents comprising **Exhibit "A"** to be personally served on defendant LOWE'S HOME CENTERS, LLC by and through its registered agent for service of process.

5. Plaintiff filed its Proof of Service on defendant LOWE'S HOME CENTERS, LLC of the documents comprising **Exhibit "A"** on June 24, 2024.  A true and correct copy of the Proof of Service is attached hereto as **Exhibit "B."**

6. On June 18, 2024, the Court issued a Notice of Case Management Conference.  A true and correct copy of the Notice of Case Management Conference is attached hereto as **Exhibit "C."**

7. On June 27, 2024, Defendant LOWE'S HOME CENTERS, LLC filed and served its Answer and Demand for Jury Trial with the Superior Court.  True and

correct conformed copies of Defendant LOWE'S HOME CENTERS, LLC's Answer and Demand for Jury Trial are attached hereto as **Exhibit "D."**

8. On information and belief, the attached **Exhibits "A" through "D"** constitute all process, pleadings and orders served by and upon Defendant LOWE'S HOME CENTERS, LLC or on file with the Superior Court in this matter.

## DIVERSITY

### A. Citizenship

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

11. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Lowe's Home Centers, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

12. Therefore, complete diversity of citizenship exists as between Plaintiff and defendant LOWE'S HOME CENTERS, LLC.

///
///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### B. Fictitious Does

13. Defendants DOES 1 to 50, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

14. Plaintiff's Complaint sets forth causes of action for general negligence and premises liability. *See*, **Exhibit "A."** Plaintiff alleges that on November 28, 2022, while on the premises of Defendant's retail store he was injured by a pipe that fell on his foot. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

15. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1996); *see*, *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See*, *Cal. Code Civ. Proc.* § 425.10.

for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

17. On June 14, 2024, along with the documents comprising **Exhibit "A,"** Plaintiff served on Defendant LOWE'S HOME CENTERS, LLC his Statement of Damages pursuant to California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "E."**

18. Plaintiff Ingang Heo's Statement of Damages alleges that he is seeking in excess of $2,030,000 in past general and special damages. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

19. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and

amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiffs constituted "other paper").

20. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

21. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

22. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after Defendant LOWE'S HOME CENTERS, LLC was served with the Summons and Complaint and Plaintiff's Statement of Damages which first indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). As stated above, the Complaint was served on Defendant LOWE'S HOME CENTERS, LLC on June 14, 2024.

23. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on June 11, 2024.

///
///
///
///
///

24. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: July 2, 2024                                         THARPE & HOWELL, LLP

                                                    By: _____
                                                         STEPHANIE FORMAN
                                                         ANDREA BREUER
                                                         Attorneys for Defendant,
                                                         LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   | Steven L. Mazza, Esq.<br>Carpenter & Zuckerman<br>8827 West Olympic Blvd.<br>Beverly Hills, CA 90211<br>310-273-1230 FAX: 310-858-1063<br>eservice@cz.law | Attorney for Plaintiff,<br>INGANG HEO |
   |---|---|

5. a.  **X**  **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date)*: See below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/2/24 | Amy Eivazian | *(signed)* Amy Eivazian |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\34000-000\34902\Pleadings\FEDERAL\Ntc of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221